UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
In Admiralty – Newport News Division

**Trend Intermodal Chassis Leasing, LLC,**

    Plaintiff,

                                Civil Action No. 4:21-cv-50

v.

**Dave's Service Center, Inc.,**

    Defendant.

## COMPLAINT

Plaintiff Trend Intermodal Chassis Leasing, LLC ("Trend") brings this action against Defendant Dave's Service Center, Inc. ("Dave's Service Center") and states as follows:

### Jurisdiction and Venue

1. This is a case of admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Chassis which is the subject of this Complaint is maritime intermodal equipment used in and essential to the transportation of intermodal ocean containers, loaded with ocean cargo including those unloaded from or loaded onto ocean-going vessels calling at the Virginia Ports Authority and other port facilities.

2. Venue is proper in this District because Defendant Dave's Service Center is located, can be found, and can be served with process within this District.

### Parties

3. Trend is a corporation, duly organized under the laws of the State of Delaware. Trend provides term leases of marine equipment, including marine chassis, for the movement of

cargo in maritime commerce, including to defendant for delivery of marine cargo to consignees, to and from ports of the United States.

4. Dave's Service Center is a Virginia corporation with its principal place of business at 901 W Main Street, Smithfield, VA, 23430.

## Facts

5. Trend entered into a lease agreement with a company named JOGH Group LLC ("JOGH") in October 2018.

6. Under that agreement, JOGH leased five brand-new chassis from Trend for which JOGH paid monthly rental fees.

7. JOGH defaulted on its lease with Trend in October 2019 when it failed to pay the rental fees due.

8. JOGH remained in default, failing to pay the monthly rental fees until January 2020, when JOGH notified Trend that it was going out of business.

9. Trend demanded the return of the leased chassis from JOGH, but JOGH failed to return the chassis to Trend.

10. Over the course of a year, Trend located and re-acquired most of the missing chassis previously leased to JOGH.

11. Trend's search for its missing property uncovered that one of the missing chassis, VIN # LJRC41261JT001496 (the "Chassis"), had been sold by Dave's Service Center to Robert John Hunt in Chesapeake, Virginia on December 22, 2020. Title was issued by the Virginia DMV to Mr. Hunt on January 5, 2021.

12. In order for Dave's Service Center to sell the Chassis, it had to obtain ownership of the Chassis.

13. Trend submitted a FOIA request to the Virginia DMV for information regarding the alleged sale of the Chassis to Mr. Hunt. In response, the DMV produced a copy of an application for a mechanics or storage lien (VSA 41) filed by Dave's Service Center ("the Application").

14. In Sections 1 and 2 of the Application, "Documents Required to Title", Dave's Service Center checked every box, including that a copy of the "actual letter sent, and certified/registered mail return receipt (if delivered) or certified/registered letter (unopened) with return receipt attached (not delivered) was presented; however, no copy of that letter was produced.

15. A copy of a road service invoice from Dave's Service Center was produced (the "Invoice"). The Invoice indicates a "Date In" of April 30, 2020, which corresponds to the date of tow entered on the Application.

16. The Invoice had a handwritten notation that they "called and emailed numerous times." There was no record of dates and/or times for those calls and e-mails noted.

17. The Invoice describes the "make/model" as a container trailer. There is no tag number, no VIN, no other identifying information. Further, the Invoice is completely devoid of any information regarding where the Chassis was located, where it was towed to, why it was towed, or by whose authority it was towed.

18. Trend never authorized the Chassis to be towed or to be stored at Dave's Service Center.

19. The onus is on a tow service facility to identify the owner of a vehicle, and obtain authorization from the owner prior to performing any repairs and/or storing a vehicle.

20. The Chassis has a Trend identification sticker on the back, including a phone number. The sticker is clearly visible in the photograph of the Chassis.

21. The Chassis was registered to Trend in Maine in 2018, and bore a Maine license plate, #TLR 25-69295. That registration is valid until February 28, 2025.

22. Although Trend's contact information was prominently displayed on the Chassis, it never received a call or e-mail from Dave's Service Center. Trend never knew that the Chassis was at Dave's Service Center.

23. Trend was never notified of any mechanic's or storage lien being filed against the Chassis.

24. Pursuant to the Virginia DMV website, if a lienholder intends to sell a vehicle, or in this case a chassis, all known vehicle owners must be notified by certified mail, return receipt requested prior to the sale.

> If you intend to sell the vehicle in order to recover the debt owed, you must notify all known vehicle owners and lienholders, by certified mail, return receipt requested, at least 10 days before the date of the sale. Whether you are able to obtain the vehicle owner and lienholder information or not, you must advertise the sale in a public place according to the guidelines listed on the [Mechanics or Storage Lien Application] VSA 41.

https://www.dmv.virginia.gov/vehicles/#msl.asp

25. Trend never received the required certified letter.

26. Upon Trend's discovery of the 'sale' of its Chassis, counsel contacted Dave's Service Center on April 8, 2021 by e-mail, requesting a copy of the Application submitted, as well as all correspondence sent to Trend concerning the Chassis – in particular, the certified letter Dave's Service Center certified and affirmed in the Application, under penalty of perjury, that it sent to Trend.

27. On April 9, 2021, Haley Bunch of Dave's Service Center replied to Trend's counsel that she would "get the fax" sent to Trend. The fax was never produced.

28. Follow up e-mails were sent to Dave's Service Center on April 19, 2021 and April 30, 2021 requesting all correspondence, including the certified letter notifying Trend of the lien and impending sale, that Dave's Service Center claims it sent.

29. Dave's Service Center has not replied.

30. Dave's Service Center applied for a mechanic's/storage lien on the Chassis, certifying and affirming that it had made the required mailings to Trend, yet nothing was produced by the Virginia DMV, and Dave's Service Center cannot produce proof of such notification.

31. Among the documents received from the DMV was an appraisal performed on the Chassis on September 28, 2020, valuing the Chassis at $11,950.00 and in excellent condition.

32. Dave's Service Center, on acquiring the lien - albeit it on a fraudulent application – then sold the Chassis at a public auction on October 9, 2020 to Robert John Hunt for $5,000.00.

## COUNT I
### Conversion

33. Trend incorporates the above paragraphs as if fully set forth herein.

34. The essence of a conversion is not the acquisition of property but the wrongful deprivation of that property from its true owner. *Yaeger v. Magna Corp.* (*In re Magna Corp.*), 2005 WL 1289695 (Bankr. M.D.N.C. Mar. 14, 2005).

35. Dave's Service Center had ample information regarding the Chassis owner – Trend – available to it with the identification tag affixed to the Chassis, and the Trend identification markings on the Chassis. Additionally, the Chassis had a valid Maine license plate

with which information could have been obtained from either the Maine DMV or Maine State Police. All that was required was a phone call.

36. Dave's Service Center claims to have had possession of the Chassis for over five months, more than enough time to identify and contact the owner of the Chassis – Trend.

37. Dave's Service Center failed to notify Trend of the tow of its Chassis, or that the Chassis was being stored at their facility.

38. As a result of its failure to notify Trend of the location of its Chassis, Dave's Service Center deprived Trend of its property and the rental fees could have earned upon the return of its Chassis.

39. Further, Dave's Service Center sold the Chassis, indefinitely depriving Trend of its property and future rental income.

40. A plaintiff is entitled to damages equal to the full value of the chattel at the time and place of conversion. The measure of damages in conversion is the fair market value of the property at the time and place of the conversion. *Vaughn v. Vaughn*, 146 Md. App. 264 (Md. Ct. Spec. App. 2002). Based on the appraisal done in September 2020, Trend's damages for the loss of its Chassis is $11,950.

41. The tort of conversion also subjects the wrongdoer to liability to the possessor for punitive damages resulting from the conversion. Dave's Service Center conduct in converting Trend's chassis was willful and wanton with recklessness or negligence evincing a conscious disregard of Trend's rights in the chassis. Trend has accrued attorneys' fees and costs in an effort to obtain documentation from Dave's Service Center regarding its claims of a lien and notifications it claims to have sent to Trend.

**Prayer for Relief**

WHEREFORE, Trend prays:

A. That, in response to Count I, this Court enter judgment against Dave's Service Center and in favor of Trend in the amount of at least $300,000, which includes $11,950 for the Chassis, attorneys' fees and punitive damages for conversion, *PGI, Inc. v. Rathe Prods., Inc.*, 265 Va. 334 (2003).

B. That this Court award Trend such other and further relief that this Court deems just and proper.

Respectfully submitted on May 7, 2021.

**Trend Intermodal Chassis Leasing, LLC**

By: /s/ David N. Ventker
David N. Ventker (VSB No. 29983)
Ventker Henderson, PLLC
256 West Freemason Street
Norfolk, Virginia 23510
Telephone: 757.625.1192
Facsimile: 757.625.1475
dventker@ventkerlaw.com

J. Stephen Simms (*pro hac vice* pending)
Simms Showers LLP
201 International Circle, Suite 230
Baltimore, Maryland 21030
Telephone:    410-783-5795
Facsimile:     410-510-1789
jssimms@simmsshowers.com

*Attorneys for Trend Intermodal Chassis Leasing, LLC*